**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| BENJAMIN C. L. KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV-14-17-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
|---|---|

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Joseph M. Linehan represents plaintiff (Kelly). Special Assistant United States Attorney Jeffrey R. McClain represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 8. Kelly filed a reply July 21, 2014. ECF No. 17. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF

No. 16.

**JURISDICTION**

Kelly applied for supplemental security income (SSI) benefits September 15, 2010 alleging disability beginning August 1, 2010 (Tr. 146-51). The claim was denied initially and on reconsideration (Tr. 90-93, 96-97). Administrative Law Judge (ALJ) Marie Palachuk held a hearing July 24, 2012. Psychologist Jay Toews, Ed. D., a vocational expert and Kelly testified (Tr. 43-69). On August 28, 2012, the ALJ issued an unfavorable decision (Tr. 22-37). The Appeals Council denied review November 27, 2013 (Tr. 1-6). Kelly appealed pursuant to 42 U.S.C. §§ 405(g) on January 16, 2014. ECF No. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the decision below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Kelly was 28 years old at onset and 30 at the hearing. He has a sixth or tenth grade education. He has a long history of substance abuse. He has

reported "twenty felonies." Criminal activities include armed robbery, assault, grand theft, theft, burglaries, escapes, gun charges, domestic violence, possessing marijuana and selling drugs. Kelly has been incarcerated for a total of about ten years. He suffers anger control problems, depression, social anxiety and cognitive limitations. Kelly initially alleged he suffers from mental limitations. Currently he also alleges sleep and stomach problems (Tr. 52, 54, 56, 161-62, 166, 233, 245, 287, 308, 314, 316).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in

any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404

Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a

mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support

a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the

ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**ALJ'S FINDINGS**

At step one the ALJ found Kelly did not work at substantial gainful activity levels after onset (Tr. 24, 34). At step two, she found Kelly suffers from alcohol and polysubstance abuse; generalized anxiety disorder vs. anxiety disorder NOS; personality disorder with antisocial features and borderline intellectual functioning (Tr. 34). At step three the ALJ found Kelly disabled because these impairments met Listings 12.04C and 12.09 (Tr. 35).

The ALJ proceeded to consider the effects of DAA. She found when DAA is excluded the remaining medically determinable impairments would cause at most mildly moderate limitations. She assessed an RFC for a significant range of unskilled work (Tr. 35). The ALJ found Kelly has no past relevant work (Tr. 35). She found when DAA is excluded, there are a significant number of unskilled jobs Kelly could perform (Tr. 35-36). The ALJ found DAA is a contributing factor material the

disability determination (Tr. 36), meaning he is barred from receiving benefits.

**ISSUES**

Kelly alleges the ALJ erred at step two and when she weighed the evidence of psychological limitations. ECF No. 15 at 10-14. The Commissioner responds that the ALJ's step two findings were reasonable and the evidence submitted after the ALJ's decision is insufficient to undermine the ALJ's conclusions. ECF No. 16 at 4-9. With respect to the second allegation, the Commissioner answers that the ALJ gave specific, legitimate reasons supported substantial evidence for rejecting some of the opinions. ECF No. 9-12. The Commissioner alleges the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 16 at 2.

**DISCUSSION**

*A. Credibility*

Kelly does not address the ALJ's credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008). He challenges the ALJ's assessment of conflicting medical

evidence. The court addresses credibility because the ALJ considered it when she weighed the medical evidence.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ considered drug seeking behavior. In August 2011 Kelly left the ER when told he was not going to be given narcotics, stating he "would go to another ER for pain meds then." A treating doctor at Spokane Mental Health describes he "seems to be quite manipulative." The ALJ considered Kelly's many inconsistent statements, including with respect to substance use and past work. She considered Kelly's history of unexplained or inadequately explained non-compliance with medication and medical treatment (Tr. 25-27, 30-31, 53-54, 62-63, 194, 217, 232,

240-43, 247, 274, 287, 293, 308, 310, 314-16, 320-22, 324, 332-33, 338). In May 2011, Kelly refused to undergo a rectal exam despite complaints of rectal bleeding. Also in May 2011 he admitted he quit taking prescribed psychotropic medications. A few days after a psychological evaluation in October 2010, Kelly reported that he took one or two doses of prescribed antidepressants and stopped. He did not follow up with Spokane Mental Health after intake (Tr. 27, 196, 274, 278, 280, 282, 287, 322, 332).

The ALJ considered Kelly's ability to regularly socialize with his girlfriend and relatives, leave home alone, watch television, walk nieces and nephews to the park and play video games daily (Tr. 31-32, 57, 220, 244, 310).

The ALJ's reasons are clear, convincing and supported by substantial evidence. Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ is permitted to consider inconsistent statements and activities inconsistent with allegedly severe limitations.

*Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Unexplained or inadequately explained failure to follow prescribed medical treatment is properly considered. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

*B. Step two*

Kelly alleges the ALJ should have found at step two that Crohn's disease is a severe impairment. He submits evidence not presented to the ALJ, but considered by the Appeals Council, in support of this allegation. ECF No. 15 at 10, referring to Tr. 209-215. The Commissioner answers that the Appeals Council correctly found this evidence post-dated the ALJ's decision, and therefore did not "affect the decision about whether [Plaintiff] [was] disabled beginning on or before August 28, 2010." The Commissioner also responds that this evidence does not undermine the ALJ's step two determination. ECF No. 16 at 6-7.

The Commissioner is correct.

The court has considered the evidence presented for the first time to the Appeals Council to determine whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2011). The new evidence does not

change the fact that the ALJ’s decision is supported by substantial evidence.

The ALJ’s decision is dated August 28, 2012 (Tr. 37). On September 12, 2012 Kelly was seen at Skagit Regional Clinic (Tr. 213-15). The new information is not within the relevant period, as it to relates to a time after the ALJ’s decision. In this situation the remedy is to file a new application for benefits. *See Ward v. Schweiker*, 686 F.2d 762, 765-66 (9th Cir. 1982).

Even if relevant, however, the evidence does not undermine the ALJ’s findings or change the outcome in this case.

In order to find an impairment severe at step two, an impairment must first be medically determinable. The existence of a medically determinable impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings. SSR 96-4p. As the Commissioner accurately points out, at Kelly’s post hearing medical appointment further diagnostic evaluations and testing were ordered. The record does not include a diagnosis of Crohn’s disease (Tr. 213-15).

As the ALJ notes, abdominal and pelvic x-ray results are normal. Kelly failed to keep colonoscopy appointments. He failed to undergo EGD examinations as directed. He refused to undergo any rectal exams for abdominal and rectal complaints, despite allegations of bleeding "bad from bowel movements" since December 2010. An ER doctor opined in January 2011 the diagnosis is likely IBS and anxiety (Tr. 27, 180, 295, 290, 295-97, 322, 339-42).

Moreover, any error at step two is harmless because the ALJ resolved that step in Kelly's favor. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)(citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)). The ALJ found Kelly disabled at step three. It is because she found DAA is material that the ALJ found Kelly is not entitled to benefits.

*C. Psychological limitations*

Kelly alleges the ALJ should have credited the opinions of examining psychologists Debra D. Brown, Ph.D., and Mahlon Dalley, Ph.D. ECF No. 15 at 11-14. The Commissioner responds that the ALJ properly weighed the evidence of mental limitations. ECF No. 16 at 9-12.

The Commissioner is correct.

Dr. Brown performed evaluations in May 25, 2010 (Tr. 217-26) and June 20, 2011 (Tr. 308-13). Dr. Brown's first opinion is inconsistent. She opines neuropsychological testing is needed, and no further tests or consultations are needed (Tr. 218, 222). Similarly Dr. Brown observes during testing Kelly "could write a sentence" (Tr. 224) and he "cannot read or write (Tr. 221).

At Dr. Brown's 2011 evaluation, the PAI was invalid due to symptom exaggeration. Kelly was not receiving mental health services. Kelly admitted he smoked marijuana a week ago, yet Dr. Brown notes "no indication of current or recent alcohol or substance abuse"(Tr. 46, 49, 308-313).

Dr. Dalley evaluated Kelly June 22, 2005, more than five years before onset (Tr. 34, 228-36). The ALJ properly gave this opinion no weight because it had little relevance to the applicable time frame. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)(citation omitted). Moreover, Kelley reported no current or past substance abuse (Tr. 229) and Dr. Dalley opined limitations would last a

maximum of six months (Tr. 231), further diminishing the relevance of this opinion.

Dr. Dalley opined symptoms from depressive disorder NOS and anxiety disorder NOS should not interfere with functioning at entry level positions and Kelly may benefit from minimal contact with co-workers and supervisors (Tr. 236).

The ALJ assessed an RFC that adequately captures the limitations supported by the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence or pace where the assessment is consistent with restrictions identified in the medical testimony**).**

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC when DAA is excluded. Although Kelly alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts and ambiguities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). The court will uphold the ALJ's

conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 15, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 24th day of July, 2014.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE